IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOMESTREET BANK, a Washington chartered savings bank,<br><br>                 Plaintiff,<br><br>      vs.<br><br>LOUIS STEINER, individually, STEINER DEVELOPMENT, LLC, an Idaho limited liability company, ROBERT M. CHAVEZ, individually, RMC CONSTRUCTION, LLC, an Idaho limited liability company,<br><br>                 Defendants. | ORDER AND<br><br>MEMORANDUM DECISION<br><br><br>Case Nos. 1:09 CV 113;<br>1:09 CV 116 |

Pursuant to 28 U.S.C. § 1447(c), Plaintiff HomeStreet Bank (HomeStreet) asks the court to remand this case to state court and to award Home Street attorney's fees. Defendants Louis Steiner, Steiner Development LLC, Robert Chavez, and RMC Construction LLC removed this action on diversity grounds pursuant to 28 U.S.C. § 1441.[1] Because removal was improper and the court concludes that Defendants lacked an objectively reasonable basis for seeking removal, HomeStreet Bank's motion is GRANTED.

---

[1] As further detailed, Defendants filed two Notices of Removal. The first involved only Mr. Steiner and Steiner Development. (See Docket No. 1, Case No. 1:09 CV 113.) The second involved only Mr. and RMC Construction. (See Docket No. 1, Case No. 1:09 CV 116.) The notices are virtually identical, substituting only the names and information specific to the parties.

**BACKGROUND**

According to HomeStreet's complaint, Defendants allegedly agreed to be liable for the indebtedness of Hamilton Caldwell LLC, an Idaho company that secured more than $2.78 million in financing from HomeStreet Bank. When the promissory note on the debt became due in January 2009, HomeStreet sent notice to Hamilton Caldwell and Defendants and demanded full payment by the end of that month. After Hamilton Caldwell and Defendants allegedly failed to pay, HomeStreet filed an action in Idaho state court against Defendants for breach of guaranty on February 2009.

Defendants removed the case to federal court on March 13, 2009, alleging diversity jurisdiction. Somewhat confusingly, Mr. Steiner and Steiner Development filed one Notice of Removal. (See Docket No. 1, Case No. 1:09 CV 113.) And Mr. Chavez and RMC Construction filed another. (See Docket No. 1, Case No. 1:09 CV 116.) Each notice triggered a separate case in federal court, and the parties never attempted to consolidate them.

Both Notices of Removal assert jurisdiction pursuant to 28 U.S.C. § 1332. According to one Notice of Removal, Mr. Steiner lives in California, Steiner Development is an Idaho company maintaining its principal place of business in Ada County, Idaho, and HomeStreet, which is chartered in Washington, was "not a citizen of the State of Idaho, wherein the action was brought." (Notice of Removal, 3, Docket No. 1, Case No. 1:09 CV 113.) According to the other Notice of Removal, Mr. Chavez lives in Idaho, RMC Construction is an Idaho company, which also has its principal place of business in Ada County, Idaho, and HomeStreet "maintains its principle (sic) place of business in Idaho and an individual domiciled in California (sic)." (Notice of Removal, 2, Docket No. 1, Case No. 1:09 CV 116.)

HomeStreet moved the court in both cases to remand the case to state court and to award attorney's fees. HomeStreet contends that a case cannot be removed to federal court on the basis of diversity jurisdiction where at least one of the defendants is a citizen of the state in which the action was brought. Because, based on the assertions in the Notices of Removal, at the very least Mr. Chavez is a citizen of Idaho, HomeStreet contends that the case should not have been removed pursuant to § 1447(b).[2] HomeStreet requests this court order Defendants to pay attorney's fees because, according to HomeStreet, they lacked an objectively reasonable basis for removal. Defendants oppose only HomeStreet's motion for fees.

## ANALYSIS

28 U.S.C. § 1441(b) provides as follows:

> Any civil action of which the district courts have original jurisdiction . . . shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if <u>none</u> of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Id. (emphasis added). Put another way, the statute "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006); see also Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68-69 (1996) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or

---

[2]The Notices of Removal also represent that both Steiner Development and RMC Construction are Idaho limited liability companies with their principal places of business in Ada County, Idaho. Because Defendants do not oppose remand of this case, the court need not consider whether Mr. Chavez was in fact a citizen of Idaho or whether Defendants established in the Notices of Removal the citizenship of the two companies. The court will consider the facts as Defendants presented them to be in considering whether they were objectively reasonable in seeking removal.

3

defendants may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought." (citation and quotation omitted)).

Here, the parties do not dispute that Defendants improperly removed the case.[3]  Because Defendants assert jurisdiction pursuant to § 1332, removal would have been proper only if none of the Defendants were a resident of Idaho, the state in which the suit was brought.  And based on Defendants' own representations, this was not the case.  At the very least, according to the Notices of Removal, Mr. Chavez is a resident of Idaho.[4]

The sole issue for the court to decide is whether HomeStreet is entitled to attorney's fees. 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Id. Absent "unusual circumstances, courts may award attorney's fees pursuant to § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.'" Lussier v. Dollar Tree Stores, 518 F.3d 1062, 1065 (9th Cir. 2008) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005)).  Whether a party is entitled to attorney's fees is an inquiry that "'turn[s] on the reasonableness of the removal.'" Id. (quoting Martin, 546 U.S. at 141).[5]

---

[3] Defendants generally relied on § 1441 and consecutive sections. (See Docket No. 1, Case No. 1:09 CV 113 (removing action "pursuant to 28 U.S.C. § 1441, et seq."); Docket No. 1, Case No. 1:09 CV 116 (same).)  But because Defendants only cited § 1441, this is the statute the court will consider.

[4] Further, the parties apparently agree that HomeStreet made its objection to Defendants' removal in a timely manner, that is, within thirty days of removal.  See Lively, 456 F.3d at 942. Because the forum defendant rule in § 1441(b) is nonjurisdictional, HomeStreet's failure to object in a timely manner would have waived the defect. Id.

[5] Case law from other jurisdictions suggests that the burden of providing an objectively reasonable basis existed for removal is on the removing party.  See Devine v. Prison Health

Despite the clear violation of § 1441(b), Defendants argue that they were objectively reasonable in seeking removal as they assumed that HomeStreet would waive the defect and would not oppose removal.[6] Defendants allegedly made this assumption based on a comment HomeStreet's counsel Dwain Clifford made during a telephone conversation with counsel for Defendants. Before any party had researched § 1441(b), Mr. Clifford allegedly said that removing the case could be beneficial to his client as being in federal court could make obtaining subpoenas and judgment liens in other states less complicated.[7] As the sole piece of evidence, Defendants submit a chain of email communications between Mr. Clifford and counsel for Defendants, which were all sent <u>after</u> the case was removed. And notably, one of the first emails in the chain is from Mr. Clifford in which he explains that Defendants improperly removed the case, indicates he plans to immediately file a motion to remand, and inquires as to whether Defendants will oppose the motion.

---

Servs, Inc., No. 06-14158, 2006 WL 3793371, *2 (11th Cir. 2006) (indicating removing party bears burden to show it had an objectively reasonable basis); Control Risks Group LLC v. Boart Longyear Co., 2:08 CV 0164, 2008 WL 2112985 (D. Utah May 19, 2008).

[6] The Defendants state in a footnote that the court should consider for all Defendants the arguments against a fee award presented by Mr. Steiner and Steiner Development in their case. (See Defs.' Response, 4 n.2, Docket No. 16, Case No. 1:09 CV 113.) Mr. Chavez and RMC Construction make no mention of this in the brief submitted in their case and only cursorily explain that they are "vehemently opposed" to the "premature" motion for fees and that such an award would not be "an appropriate remedy." (Defs.' Response, 1-2, Docket No. 15, Case No. 1:09 CV 116.) Ignoring the plain language of § 1447(c), Mr. Chavez and RMC Construction further argue that there "are no statutory provisions" that would provide for such an award." (Id., 2.)

[7] Mr. Clifford admits in HomeStreet's reply brief that he had a brief conversation with counsel for Defendants regarding removal and that he said that removal generally could be helpful to his clients, but he denies that consented to removal, that he agreed to waive any defect, or that he was made aware of Defendants grounds for seeking removal. Defendants do not submit evidence that indicates anything to the contrary.

In Patel v. Del Taco, Inc., 446 F.3d 996 (9th Cir. 2006), the U.S. Court of Appeals for the Ninth Circuit concluded that the district court did not abuse its discretion when it awarded Del Taco attorney's fees incurred as a result of improper removal pursuant to § 1447(c).  In that case, the Patel family had entered into a franchise agreement with Del Taco, which contained an arbitration clause.  After Del Taco accused the Patel family of breaching the franchise agreement, it instituted arbitration proceedings.  Neither the Patel family nor their attorney attended the arbitration, and the arbitrators issued a unanimous ruling in Del Taco's favor.  Del Taco filed a petition to confirm the arbitration award in California court.  Meanwhile, the Patel family filed an action in federal court, alleging various civil rights violations by Del Taco.  In the complaint, the Patel family petitioned for removal of Del Taco's pending state court petition pursuant to several federal statutes.  In considering whether the district court abused its discretion, the Ninth Circuit reviewed each of the statutes cited, noted that none provided even an arguable basis for removal, and concluded that the arguments the Patel family had advanced were frivolous.

Thus, as in Patel, the court concludes that Defendants did not have a valid statutory basis for removal.  Because at least one Defendant, Mr. Chavez, is a resident of Idaho, removal in this case was in clear violation of § 1441(b).  Further, the chain of emails that Defendants submit does not demonstrate that they were objectively reasonable in seeking removal.  Mr. Clifford does not suggest anywhere in the email chain that he had stipulated to removal or that he had agreed to waive the defect.   The court concludes that Defendants were objectively unreasonable in removing the case.

Accordingly, the parties are instructed to submit additional briefing on the amount that

the court should award, paying particular attention to the method for determining an award amount adopted in this jurisdiction.  See, e.g., Schlaerth v. Spirtos, No. 06-56513, 2009 WL 118093 (9th Cir. Jan. 14, 2009) (considering district court's award of attorney's fees for improper removal of a case to federal court).

## ORDER

HomeStreet's Motion for Remand is GRANTED.  (Docket No. 9, Case No. 1:09 CV 113; Docket No. 7, Case No. 1:09 CV 116.)  Per 28 U.S.C. § 1447(c), the clerk shall mail a certified copy of this order to the clerk of the Idaho state court.  HomeStreet's Second Motion to Remand is DENIED as Moot.  (Docket No. 14, Case No. 1:09 CV 113; Docket No. 13, Case No. 1:09 CV 116.)

DATED this 20th day of May 2009.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge, District of Utah